09-1326-ag
Gao v. Holder

BIA
Schoppert, IJ
A095 710 413

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand ten.

PRESENT:
    DENNIS JACOBS,
        **Chief Judge**,
    ROGER J. MINER,
    PIERRE N. LEVAL,
        **Circuit Judges**.

_____

MEI MI GAO,
    **Petitioner**,

    v.                                              09-1326-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    **Respondent**.

_____

FOR PETITIONER:        Mei Mi Gao, *pro se*, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division; Emily Anne Radford, Assistant Director; Craig A. Newell, Jr., Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mei Mi Gao, a native and citizen of the People's Republic of China, seeks review of a January 8, 2009 order of the BIA affirming the May 30, 2007 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Mi Gao*, No. A095 710 413 (B.I.A. Jan. 8, 2009), *aff'g* No. A095 710 413 (Immig. Ct. N.Y. City May 30, 2007). The BIA reissued its January 8, 2009 decision on March 10, 2009. *In re Mei Mi Gao*, No. A095 710 413 (B.I.A. Mar. 10, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, this Court reviews

2

the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well-established. *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, in considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). This Court "defer[s] . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)(*per curiam*).

The IJ's adverse credibility finding is supported by substantial evidence. *Id.* at 165-66. In finding Gao not credible, the IJ found that: (1) her demeanor was not forthcoming and that she testified "in a way which struck me as not based on actual lived experiences, but in what I

3

would describe as a rote manner, perhaps from a story that she had memorized"; (2) it was implausible that she had been practicing Falun Gong for over two years based on her inability to name or perform any of the exercises; and (3) she failed to provide sufficient corroborating evidence to rehabilitate her testimony.

Gao does not challenge the IJ's findings that she failed to provide corroborating evidence, and this finding stands as a valid basis for the IJ's adverse credibility determination. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)(*per curiam*). Rather, Gao argues that the IJ erred in relying on her lack of doctrinal knowledge of Falun Gong as a basis for the adverse credibility determination. However, we find no error in the IJ's reliance, in part, on Gao's inability to name or perform the five exercises of Falun Gong in light of her assertion that she practiced Falun Gong for over two years. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006). Moreover, we find no error in the IJ's reliance on Gao's demeanor as a basis for the adverse credibility determination. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).

Although Gao argues that she experienced problems

4

understanding the interpreter at her merits hearing, she failed to raise this issue before the BIA, and we decline to address it*.  See Lin Zhong v. U.S. Dept of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).  Similarly, we decline to review the additional arguments raised in Gao's reply brief that: (1) she was denied relief due to the ineffective assistance of counsel; and (2) she fears returning to China because she is pregnant with her first child.  *Id.; McCarthy v. S.E.C.*, 406 F.3d 179, 186 (2d Cir. 2005).

    For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                            FOR THE COURT:
                            Catherine O'Hagan Wolfe, Clerk